IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 02 2009

JAMES N. HATTEN, Clerk
By: Deputy Clerk

LILLIAN HOPKINS       :

   Plaintiff,         :

                         Civil Action No.
    v.                :
                         1 09-CV-2728
VIKING COLLECTION SERVICE, INC. :
                                              -RLV
   Defendant.         :

## COMPLAINT

COMES NOW, Plaintiff and respectfully shows the Court as follows:

### COUNT ONE

1.

This is an action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, the Georgia Fair Business Practices Act, and the Unfair or Deceptive Practices Toward the Elderly Act, O.C.G.A. 10-1-850, et seq.

2.

This Court has subject matter jurisdiction of the case under 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k)(d) and supplemental jurisdiction under 28 U.S.C. § 1367.

1

3.

Plaintiff is a natural person living in the Northern District of Georgia. She is 75 years old. Defendant is subject to the jurisdiction of the Court.

4.

Defendant Viking Collection Service, Inc. is a corporation engaged in the business of collecting debts and is subject to the jurisdiction of this Court. The principle purpose of Defendant is the collection of debts using the mail and telephone, and Defendant regularly attempts to collect debts alleged to be due to another.

5.

Defendant violated the Fair Debt Collection Practices Act by:

    a)    falsely representing the character and amount of Plaintiff's debt in violation of 15 U.S.C. § 1692e(2)(A).

    b)    attempting to collect unauthorized amounts under 15 U.S.C. § 1692f(1).

    c)    failing to send a validation notice under 15 U.S.C. § 1692g.

    d)    engaging in abusive or harassing conduct in violation of 15 U.S.C. § 1692d and 1692d(2).

e)  threatening to contact Plaintiff's husband in violation of 15 U.S.C. § 1692c and 1692d.

6.

Defendant is liable to Plaintiff for $1,000.00 statutory damages and actual damages of $100,000.00.

COUNT TWO

7.

Paragraphs 1-7 are realleged as though fully set out.

8.

Defendant is servicing the mortgage of Plaintiff who originally entered into the mortgage for personal, family, and household purposes.

9.

The actions of Defendant were consumer acts or practices.

10.

The actions of Defendant were *per se* violations of the Georgia Fair Business Practices Act.

11.

Plaintiff is entitled to $100,000.00 in damages.

12.

The damages should be trebled against Defendant because of the intentional nature of its actions.

13.

Plaintiff is entitled to punitive damages of $75,000.00 so as to deter Defendant from repeating its wrongful conduct.

COUNT THREE

14.

Paragraphs 8 - 12 and 14 are realleged as though fully set out.

15.

Defendant is liable to Plaintiff for the penalties set out in O.C.G.A. 10-1-851.

16.

Defendant is liable for reasonable attorney fees.

WHEREFORE, Plaintiff prays for:

1) Damages as set out;

2) Attorney's fees;

3) Jury trial;

4) Such other and further relief as is just and proper.

Respectfully submitted,

_____
Ralph Goldberg
GA Bar No. 299475
Attorney for Plaintiff

Goldberg & Cuvillier, P.C.
755 Commerce Drive, Ste. 600
Decatur, GA 30030
(404) 378-7700
(404) 378-7708 FAX